# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHI HEALTH, LLC, | ) |
| Plaintiff, | ) |
| | ) No. 25 C 4181 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| DALE MARTIN ENTERPRISES, INC.; | ) |
| HEALTH CARE SERVICE CORPORATION, | ) |
| AN ILLINOIS MUTUAL LEGAL RESERVE | ) |
| COMPANY, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff PHI Health, LLC ("PHI") filed this case in the Circuit Court of Cook County, Illinois against Defendants Dale Martin Enterprises, Inc. ("DME") and Health Care Service Corporation ("HCSC"). PHI seeks to recover compensation it claims HCSC and DME owes it for providing life-saving medical airlift service to Defendants' insureds, setting forth state law claims for breach of implied contract and unjust enrichment. DME removed the case to this Court on April 17, 2025, on the basis that ERISA completely preempts PHI's claims.[1] PHI has moved to remand the case to state court, contending that complete preemption does not apply. Separately, DME and HCSC have each moved to dismiss PHI's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Because ERISA does not completely preempt PHI's claims so as to confer this Court with subject matter jurisdiction, the Court remands this case to the Circuit Court of Cook County and leaves for that court the resolution of DME and HCSC's motions to dismiss.

---

[1] HCSC consented to the removal of the action, Doc. 7, but it did not independently argue that ERISA provides it with a basis to remove the case.

**BACKGROUND**

PHI provides air ambulance services to patients needing emergency treatment, regardless of their ability to pay and insurance status. A limited liability company, PHI has members in Louisiana, Texas, and Delaware, and its principal place of business in Phoenix, Arizona. HCSC is a health insurance company incorporated in and with its principal place of business in Illinois. DME, a company engaged in oil and gas services along the Gulf Coast, has its principal place of business in Louisiana. DME provides healthcare coverage to its employees and dependents through a group insurance policy purchased from Blue Cross and Blue Shield of Louisiana.

PHI has transported patients insured by DME and HCSC, including patients located in rural areas far from advanced trauma care. PHI has submitted bills to HCSC and DME for services it rendered to their members at reasonable billed charges, consistent with amounts that PHI charges other customers. From 2012 on, HCSC regularly reimbursed PHI at 100% of PHI's billed charges without objection, with over 100 instances of full charge reimbursement for amounts between $20,000 and $100,000. Recently, however, HCSC has refused to pay PHI's full billed charges, instead paying PHI "pennies on the dollar." Doc. 2-1 ¶ 1. PHI has provided air ambulance services to at least one DME insured and, while it has received some payment, it has not received full reimbursement for those services.

**LEGAL STANDARD**

A party may properly remove to federal court a case filed in state court that a party could have filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating the propriety of removal. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The Court

may remand a case for lack of subject matter jurisdiction. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

## ANALYSIS

Ordinarily, under the Court's federal question jurisdiction, a defendant may only remove a case to federal court if the plaintiff's complaint establishes that the plaintiff's claims arise under federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983). But an exception to the well-pleaded complaint rule exists where a federal statute completely preempts state law claims, allowing those cases to be removed to federal court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans," and its "expansive pre-emption provisions . . . are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citations omitted) (internal quotation marks omitted).

Section 502 of ERISA allows a participant or beneficiary to sue to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). ERISA completely preempts all claims that fall within § 502(a), and a party may properly remove those claims to federal court. *Davila*, 542 U.S. at 209; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987). The Court follows *Davila*'s two-part analysis to determine whether ERISA completely preempts PHI's claims here, with the claims preempted if (1) PHI could have brought its claims under

3

§ 502(a)(1)(B), and (2) PHI's claims do not implicate any other independent legal duty. *Davila*, 542 U.S. at 210.

According to DME, this Court has jurisdiction because PHI essentially seeks to enforce rights that arise under ERISA. PHI responds that DME cannot invoke ERISA preemption because DME contradictorily asserts that it does not have an ERISA benefits plan that applies to PHI's claims and PHI's claims implicate independent legal duties outside of ERISA's scope. As to the first element required for preemption, the parties disagree as to whether an ERISA plan exists in the first place and whether PHI seeks to assert its own rights or those of an insured as an assignee. The Court does not find it necessary to resolve these issues, however, because PHI's claims do not meet the second element required for preemption. *See Affiliated Dialysis of Joliet, LLC v. Health Care Serv. Corp.*, No. 23 CV 15086, 2024 WL 1195607, at *4 (N.D. Ill. Mar. 20, 2024) (courts need not address the first prong of the *Davila* test where the second prong is not satisfied).

Even assuming that PHI could have brought its claims pursuant to § 502(a)(1)(B), PHI's claims do not fall within ERISA because they arise from independent state law legal duties. PHI seeks to enforce its alleged contractual rights and recover benefits it claims DME has unjustly retained under Illinois state law, which are legal obligations that arise independent of ERISA. *See Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 598–99 (7th Cir. 2008) (negligent misrepresentation and estoppel claims arose from duties "entirely independent from ERISA and any plan terms"); *Regents of Univ. of Cal. v. Health Care Serv. Corp.*, No. 22 C 6960, 2024 WL 2209595, at *5–6 (N.D. Ill. May 14, 2024) ("the legal duties implicated by UCLA Health's state law claims for breach of implied-in-fact contract and quantum meruit arise from the parties' conduct," making them "independent from

4

any duties that arise under the patients' ERISA plans"); *Emergency Grp. of Az. Pro. Corp. v. United Healthcare, Inc.*, 838 F. App'x 299, 300 (9th Cir. 2021) (no ERISA preemption where plaintiff medical providers brought claim for breach of an implied-in-fact contract based on a course of dealing between the parties, concluding that such legal duties were "independent from the legal obligations imposed by the ERISA plans"). Moreover, as pleaded, the parties' disputes do not arise from the right to payment under a plan, with the parties acknowledging that HCSC and DME have paid at least some amount of each of the claims at issue. Instead, the parties dispute the rate of the payment, with PHI claiming that HCSC and DME owe it more money than they actually paid. Because PHI's claim focuses on the "rate of payment," and not the "right to payment," ERISA preemption does not apply. *See Mercy Hosp. of Folsom v. Health Care Serv. Corp.*, No. 24 CV 2749, 2024 WL 3275509, at *5 (N.D. Ill. July 2, 2024) ("Courts routinely hold the [right to payment] cases only implicate ERISA duties because the assignee's rights under the plans still must be determined; the plan language matters. When there is a rate of payment dispute, however, the plan coverage is established, and instead the independent legal duty to adequately compensate for services arises."). *Compare Affiliated Dialysis*, 2024 WL 1195607, at *3 ("Courts have consistently held that an insurer's alleged failure to adequately pay a medical provider constitutes a separate, independent legal duty that is incompatible with ERISA preemption under *Davila*."); *and Stanford Health Care v. Health Care Servs. Corp.*, No. 23-cv-4744, 2023 WL 7182990, at *4 (N.D. Ill. Nov. 1, 2023) (no preemption where "Stanford's breach of implied contract and quantum meruit claims take each patient's eligibility as a given and do not call upon the court to construe of apply plan provisions" but rather to determine the "amount of payment" owed); *with John Muir Health v. Health Care Serv. Corp.*, No. 22-cv-6963, 2023 WL 4707430, at *4 (N.D. Ill. July 24, 2024) (finding ERISA preemption where the

5

plan did not pay the provider for its services, meaning that whether the provider could recover depended "on what benefits and payments are owed under the relevant ERISA plans"); *and Emerus Hosp. Partners, LLC v. Health Care Servs. Corp.*, 41 F. Supp. 3d 695, 700 (N.D. Ill. 2014) ("[T]he parties dispute the *right* to payment, or whether such claims are payable, as evidenced by HCSC's denial of payments under the relevant ERISA plan. As such, the claim does not involve duties completely independent of an ERISA plan.").

Because PHI's claims do not meet *Davila*'s test for complete preemption, the Court finds that this case cannot proceed in federal court. The Court therefore remands the case to the Circuit Court of Cook County, Illinois for further proceedings and does not address DME's and HCSC's motions to dismiss.

## CONCLUSION

For the foregoing reasons, the Court grants PHI's motion to remand [30]. The Court remands this case to the Circuit Court of Cook County, Illinois. The Court denies DME's and HCSC's motions to dismiss [16, 27] without prejudice to renewal in state court.

Dated: October 15, 2025

_____
SARA L. ELLIS
United States District Judge